# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

    *Plaintiff*,

  v.

UNITED STATES DEPARTMENT OF HOUSING
   AND URBAN DEVELOPMENT,
451 7th Street SW
Washington, DC 20410,

    *Defendant*.

Case No. _____

## **COMPLAINT**

1. Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant the U.S. Department of Housing and Urban Development ("HUD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant has failed to respond to Plaintiff's request for communications and records that relate to HUD's policy regarding the eligibility of individuals with Deferred Action for Childhood Arrivals ("DACA") status to obtain mortgages insured by the Federal Housing Administration ("FHA"). Plaintiff therefore respectfully requests that the Court compel Defendant to comply with the FOIA.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Democracy Forward is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Democracy Forward works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

5. Defendant HUD is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

6. On October 23, 2019, Plaintiff sent a FOIA request to HUD concerning HUD's position on the eligibility of individuals with DACA status to obtain mortgages insured by the FHA. Plaintiff requested the following categories of records from HUD:

> 1. Letters, memoranda, e-mails, and other communications setting forth or otherwise reflecting the opinion of HUD regarding eligibility of individuals with DACA status to obtain mortgages insured by the FHA.
>
> 2. All records containing or reflecting communications about the eligibility of individuals with DACA status to obtain mortgages insured by the FHA.
>
> 3. All emails that include in the sender and/or recipient field one of more email addresses with a top-level domain ".com," ".org." or ".edu" and that relate to the eligibility of individuals with DACA status to obtain mortgages insured by the FHA.
>
> 4. All communications that include U.S. Citizenship and Immigration Services, the U.S. Department of Justice, or the White House that relate to the eligibility of individuals with DACA status to obtain mortgages insured by the FHA.

Ex. A at 1.

      *7.*      Democracy Forward requested that HUD search for responsive records created between January 20, 2017 and the date on which the search for responsive records is completed. *Id.*

      8.      Democracy Forward sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 2-6.

      9.      By letter dated October 31, 2019, HUD acknowledged having received Democracy Forward's FOIA request on October 23, 2019, and having assigned it request number 20-FI-HQ-00153. Ex. B.

      10.      By email dated October 31, 2019, HUD confirmed a telephone call with counsel for Democracy Forward in which the parties agreed to limit the agency officials to be searched in the first instance.

      11.      By email dated December 10, 2019, in response to an inquiry by Democracy Forward counsel, HUD stated:

> Your request asks for emails of several HUD employees. It requires utilization of the Department's eDiscovery tool for a search for responsive records. The Department's eDiscovery tool is contracted with a third-party. The system utilized by this contractor auto-assigns a collection date on a first-in-first-out basis, and is capable of collecting records for a set number of custodians per day. As a result, the Department does not maintain direct control over the collection process and cannot alter the scheduled collection date for a particular request.
>
> Given the high volume of requests for eDiscovery searches, the third-party system is operating at capacity with a significant backlog. Once the record collection has been completed, responsive records will be delivered to the FOIA Branch for review. At that time, we will work diligently to finalize your request as quickly as possible.

12. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), HUD was required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify Democracy Forward immediately of their determination, the reasons therefor, and the right to appeal any adverse determination. When there are "unusual circumstances," Defendants may extend this deadline by ten working days, as provided in subsection 552(a)(6)(B)(iii).

13. As of the date of this Complaint, HUD has failed to produce any requested records or to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). HUD also has not notified Democracy Forward of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, nor the expected time frame for such determination.

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

14. Democracy Forward repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. By failing to respond to Democracy Forward's request within the statutorily prescribed time limit, HUD has violated its duties under the FOIA, including but not limited to its duty to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Democracy Forward respectfully requests that the Court:

1. order HUD to conduct searches for any and all records responsive to Democracy Forward's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA request;

2. order HUD to produce, by a date certain, any and all nonexempt records responsive to Democracy Forward's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin HUD from continuing to withhold any and all nonexempt records responsive to Democracy Forward's FOIA request;

4. order HUD to grant Democracy Forward's request for a fee waiver;

5. grant Democracy Forward an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated: December 13, 2019

Respectfully submitted,

/s/ Robin F. Thurston
Robin F. Thurston (D.C. Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org

*Counsel for Plaintiff*